# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | CASE NO. 7:20-CV-156 |
| 7.089 ACRES OF LAND, MORE OR LESS, SITUATE IN HIDALGO COUNTY, STATE OF TEXAS; AND PAULA OCHOA, *et al.,* | § § § § § § | |
| *Defendants.* | § | |

## UNITED STATES OF AMERICA'S OPPOSED MOTION TO DETERMINE TITLE BY SUBMISSION AND AMICUS BRIEF REGARDING OWNERSHIP OF SUBJECT PROPERTY

Pursuant to the Court's December 10, 2020 Order,[1] the United States of America, (hereinafter "United States") hereby respectfully moves this Court determine title in this matter by submission. Plaintiff submits the following brief regarding ownership of the subject property in its role as *amicus curiae* and pursuant to FRCP 71.1.[2] While the United States takes no formal position regarding the interests of potential claimants, the United States believes that resolution of title ownership is necessary before just compensation may be determined and awarded.

---

[1] Dkt. No. 62.
[2] *See* Dkt. No. 37. *See also* FRCP 71.1 advisory committee's notes to 1951 edition, note to Subdivision (1) (noting that " . . . the distribution of the award is a matter in which the United States has no legal interest . . . although the United States attorneys are expected to aid the court in such as matters as amici curiae.").

## I. PROCEDURAL HISTORY

1. On June 12, 2020, the United States filed its Declaration of Taking[3] and Complaint in Condemnation[4] in this cause for the taking of a fee simple interest in 7.089 acres of land identified as Tract RGV-MCS-2026-1 (hereinafter "Subject Property"), more or less, being out of a calculated 39.586 acres of land located in Hidalgo County, Texas (hereinafter "parent tract"); all as more particularly described in the Complaint and Declaration of Taking filed in this matter.[5]

2. On June 25, 2020, the United States deposited into the registry of the Court its estimated just compensation in the amount of $45,627.00 for the fee taking of the Subject Property.[6] Pursuant to 40 U.S.C. § 3114(b)(1), the filing and the deposit immediately vested title to the Subject Property in the United States.

3. On October 16, 2020, the United States moved to add the following individuals who were identified as the surviving heirs of Enriqueta O. Reyes and her predeceased son, Carmelo Mario Reyes: Jaime Reyes, Diana Reyes Sital, Roberto Reyes, Juan Antonio Reyes, Rebecca Farias Reyes, Carmelo Mario Reyes, Jr., Rita Lee Reyes, Carlos Mario Reyes, Roberta Lee Reyes, Rebeca Lee Reyes, Rosa Lee Reyes, and Ruby Lee Reyes pursuant to Federal Rule of Civil Procedure 71.1(c)(3), and to dismiss the Estate of Enriqueta O. Reyes pursuant to Federal Rule of Civil Procedure 71.1(i)(2).[7]

4. On October 28, 2020, the United States moved to add the following individuals who were identified as the surviving heirs of Noelia Ochoa Saenz: Jaymie Galan and Esequiel Saenz, III,

---

[3] Dkt. No. 2.
[4] Dkt. No. 1.
[5] *See* Dkt. Nos. 1-2.
[6] Dkt. No. 5.
[7] Dkt. No. 39.

pursuant to Federal Rule of Civil Procedure 71.1(c)(3), and to dismiss Defendant Noelia Ochoa Saenz pursuant to Federal Rule of Civil Procedure 71.1(i)(2).[8]

5. On November 6, 2020, the Court issued an Order[9] granting the United States' above-noted motions, and adding the following individuals as defendants in this action: Jaime Reyes, Diana Reyes Sital, Roberto Reyes, Juan Antonio Reyes, Rebecca Farias Reyes, Carmelo Mario Reyes, Jr., Rita Lee Reyes, Carlos Mario Reyes, Roberta Lee Reyes, Rebeca Lee Reyes, Rosa Lee Reyes, Ruby Lee Reyes, Jaymie Galan, and Esequiel Saenz, III.

6. As of November 17, 2020, all parties were served with the Notice of Condemnation,[10] Declaration of Taking,[11] and Complaint in Condemnation[12] in this action in accordance with Federal Rule of Civil Procedure 71.1(d)(3) and therefore service is complete.

7. On December 4, 2020, the parties filed a Second Amended Joint Discovery/Case Management Plan[13] requesting that the Court set a deadline for the parties to request a title hearing or file briefing addressing title so that title could be resolved.

8. On December 10, 2020, the Court issued an Order[14] ordering the parties to file a motion to determine title and briefs addressing title in this case by January 8, 2021. The Court further ordered that the motion should specify whether an evidentiary hearing is requested.[15]

9. Pursuant to the Court's December 10, 2020 Order, the United States now files this motion requesting that the Court determine title in this matter by submission.

---

[8] Dkt. No. 42.
[9] Dkt. No. 43.
[10] Dkt. No. 3.
[11] Dkt. No. 2.
[12] Dkt. No. 1.
[13] Dkt. No. 60.
[14] Dkt. No. 62.
[15] *Id*.

## II.    STATEMENT OF FACTS

*A. Early Title*

10. Relevant title to the Subject Property begins from a Final Decree of Partition recorded August 22, 1935 in the Hidalgo County Deed Records.[16] From the Agreement of Partition, Juan Francisco Ochoa was allotted 74 acres of land, more or less, out of the Los Ejidos de Reynosa Viejo Grant.[17]

11. Juan Francisco Ochoa died intestate on November 10, 1950, survived by his wife, Julia Alaniz Ochoa, and their nine children: Juan Francisco Ochoa, Jr., Antonia O. Cantu, Enriqueta O. Reyes, Paula Ochoa, Eloisa O. Flores, Anita O. Kosienski, Rodolfo Ochoa, Ignacio Ochoa, and Eulalio Ochoa.[18]

12. When Juan Francisco Ochoa died intestate, his interest in the subject property was divided equally among his nine children,[19] subject to a 1/3 life estate interest held by his spouse, Julia Alaniz Ochoa.[20]

13. Julia Alaniz Ochoa died intestate on November 22, 1990, thereby extinguishing her 1/3 life estate interest in the Subject Property.[21] She died a widow survived by her and Juan Francisco Ochoa's nine children.[22]

---

[16] Ex. 1 – Final Decree of Partition, Doc. 1935-7759, Recorded Aug. 22, 1935, Deed Records of Hidalgo County, Texas.
[17] *Id*.
[18] Ex. 2 – Proof of Heirship, Doc. 1972-5971, Recorded March 15, 1972, Deed Records of Hidalgo County, Texas.
[19] As inherited property, each of the children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).
[20] Tex. Prob. Code § 38(b)(1). The United States has been unable to determine when Juan Francisco Ochoa and Julia Alaniz Ochoa were married, and therefore it is possible the property was community property. If it was community property, Juan Francisco Ochoa's interest in the Subject Property would have been divided as follows: 1/2 fee simple interest to Julia Alaniz Ochoa, and 1/2 fee simple interest divided equally among the nine children. *See* Tex. Prob. Code § 45. However, this would not change the ultimate result because as discussed below, any interest held by Julia Alaniz Ochoa in excess of a life estate would have passed in equal shares to the nine children by intestacy as her will was never probated. *See* Tex. Est. Code § 201.001(b).
[21] Ex. 3 – Correction Aff. of Heirship, Doc. 2006-1617621, Recorded May 2, 2006, Deed Records of Hidalgo County, Texas.
[22] *See id*.

14. Accordingly, at the time of Julia Alaniz Ochoa's death on November 22, 1990, the percentage[23] of ownership interests in the Subject Property were as follows:

- a. Paula Ochoa,
  as separate property     .11111111 (1/9)

- b. Anita Ochoa Kosienski,
  as separate property     .11111111 (1/9)

- c. Juan Francisco Ochoa, Jr.,
  as separate property     .11111111 (1/9)

- d. Antonia O. Cantu,
  as separate property     .11111111 (1/9)

- e. Enriqueta O. Reyes,
  as separate property     .11111111 (1/9)

- f. Eloisa O. Flores,
  as separate property     .11111111 (1/9)

- g. Rodolfo Ochoa,
  as separate property     .11111111 (1/9)

- h. Ignacio Ochoa,
  as separate property     .11111111 (1/9)

- i. Eulalio Ochoa,
  as separate property     .11111111 (1/9)

15. While working through the title on this matter, Paula Ochoa, daughter of Julia Alaniz Ochoa, informed the United States that her mother had a will that was signed in 1972, leaving the Subject Property to Paula Ochoa only. Paula Ochoa further informed the United States, however, that her mother's will was never probated and that she consulted with a probate attorney who informed her too much time had passed to probate the will, and therefore any interest her mother

---

[23] The ownership interests are identified in percentages at this time rather than fractions for ease of division throughout the remainder of this brief.

Page **5** of **17**
*Mot. to Determine Title*

held in the Subject Property passed through intestacy.[24] Paula Ochoa has continued to live openly on the property with two other family members, and the United States therefore conferred with Paula Ochoa to determine if she intended to assert a claim of adverse possession. Paula Ochoa informed the United States that she does not intend to assert a claim of adverse possession and further, she understands the Subject Property was originally inherited by her and her 8 siblings from their parents.

16. The Subject Property therefore remained an asset shared equally by the nine children of Juan Francisco Ochoa and Julia Alaniz Ochoa. Seven of the nine children have since passed away, and as discussed below, the undivided fee simple interest they held has been conveyed to their heirs through intestacy. At this time, the United States has identified forty-one individuals who are believed to have an ownership interest in the Subject Property, and none of the identified individuals have disputed ownership to date.

17. Given the number of individuals identified as previously having an ownership interest in the Subject Property, the United States now files the instant motion and brief requesting that the Court determine the individuals who held title to the Subject Property on the date of taking.

**B. Current Title**

18. As discussed above, title to the Subject Property was held in equal undivided shares by each of the nine surviving children of Juan Francisco Ochoa and Julia Alaniz Ochoa, with each of the nine children holding an undivided 1/9 (.11111111) fee simple interest in the Subject Property.

---

[24] As noted previously, if Julia Alaniz Ochoa held any interest in the Subject Property greater than a life estate, that interest would have been divided in equal shares among her nine surviving children. *See* Tex. Est. Code § 201.001(b).

### a. Paula Ochoa and Anita Ochoa Kosienski (.11111111 each)

19. Paula Ochoa and Anita Ochoa Kosienski are the only surviving children of Juan Francisco Ochoa and Julia Alaniz Ochoa who are still living, and they continue to hold their 1/9 (.11111111) undivided fee simple interest in the Subject Property.

### b. Juan Francisco Ochoa, Jr. (.11111111)

20. Juan Francisco Ochoa, Jr. died intestate on May 21, 2011, survived by his wife, Nazaria G. Ochoa, and their four children: Idalia O. Gonzalez, Nelda O. Granados, Leticia O. Moreno, and Juan Francisco Ochoa, III.[25] Upon his death, Juan Francisco Ochoa, Jr.'s .11111111 undivided fee simple interest in the Subject Property was divided equally among his four children,[26] subject to a 1/3 life estate interest held by his spouse, Nazaria G. Ochoa.[27] Accordingly, each of Juan Francisco Ochoa, Jr.'s surviving children held a .01851852 undivided fee simple interest in the Subject Property, with their mother holding a .03703704 undivided life estate interest.[28]

21. Juan Francisco Ochoa, III subsequently transferred all of his right, title, and interest in the Subject Property to his mother, Nazaria G. Ochoa, by Deed of Gift on August 12, 2011.[29] Nazaria G. Ochoa then conveyed all of her right, title, and interest in the Subject Property to herself, Nazaria G. Ochoa, as Trustee of the Nazaria G. Ochoa Third Amended and Restated Declaration of Trust dated November 19, 2019.[30]

---

[25] Ex. 4 – Aff. of Heirship, Doc. 2011-2231915, Recorded August 12, 2011, Deed Records of Hidalgo County, Texas.
[26] As inherited property, each of the children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).
[27] Tex. Est. Code § 201.002(b).
[28] *Id*.
[29] Ex. 5 – Deed of Gift, Doc. 2011-2231917, Recorded August 12, 2011, Deed Records of Hidalgo County, Texas. This increased Nazaria G. Ochoa's total interest in the Subject Property to a .05555556 undivided interest (.03703703 life estate and .01851851 in fee simple).
[30] Ex. 6 – Third Amended and Restated Declaration of Trust, Doc. 2019-3063328, Recorded November 12, 2019, Deed Records of Hidalgo County, Texas.

22. Accordingly, the .11111111 undivided interest in the Subject Property previously held by Juan Francisco Ochoa, Jr. is currently held as follows: Nazaria G. Ochoa, as Trustee of the Nazaria G. Ochoa Third Amended and Restated Declaration of Trust dated November 19, 2019, holds a total .05555556 undivided interest in the Subject Property,[31] and Idalia O. Gonzalez, Nelda O. Granados, and Leticia O. Moreno each hold a .01851852 undivided fee simple interest in the Subject Property.

   c.  **Antonia O. Cantu (.11111111)**

23. Antonia O. Cantu died intestate and single on June 14, 2015, survived by her three children: San Juanita Farias, Jesusa Rodriguez, and Medardo Cantu.[32] Accordingly, her entire .11111111 undivided fee simple interest in the Subject Property was equally divided amongst her surviving children, with each of them receiving a .03703704 undivided fee simple interest in the Subject Property, and they continue to hold that interest.

   d.  **Enriqueta O. Reyes (.11111111)**

24. Enriqueta O. Reyes died as a single woman on December 13, 2008, survived by four children: Jaime Reyes, Diana Reyes Sital, Roberto Reyes, and Juan Antonio Reyes.[33] She also had another child, Carmelo Mario Reyes, but he predeceased her, dying intestate on August 15, 1995.[34] Although Enriqueta O. Reyes died leaving a written will, the will did not account for her interest in the Subject Property.[35] Her .11111111 undivided interest in the Subject Property therefore

---

[31] This includes .03703704 as a life estate and .01851852 in fee simple.
[32] Ex. 7 – Aff. of Facts Concerning the Identity of Heirs, Doc. 2016-2678894, Recorded January 21, 2016, Deed Records of Hidalgo County, Texas.
[33] Ex. 8 – Aff. of Facts Concerning the Identity of the Heirs of Enriqueta Ochoa Reyes, executed Oct. 7, 2020.
[34] Ex. 9 – Aff. of Facts Concerning the Identity of the Heirs of Carmelo Mario Reyes, executed Oct. 8, 2020; *see id*.
[35] Ex. 10 – Last Will and Testament of Enriqueta Ochoa Reyes, Est. of Enriqueta Ochoa Reyes, Cause No. P-35,685 (Prob. Ct. of Hidalgo County, Tex. June 7, 2013).

passed to her heirs at law in equal shares through intestacy,[36] with .02222222 going to each of her four surviving children and the remaining .02222222 going to the heirs of Carmelo Mario Reyes.[37]

25. As noted, Carmelo Mario Reyes died intestate on August 15, 1995, survived by his wife, Rebecca Farias Reyes, and seven children: Carmelo Mario Reyes, Jr., Rita Lee Reyes, Carlos Mario Reyes, Roberta Lee Reyes, Rebeca Lee Reyes, Rosa Lee Reyes, and Ruby Lee Reyes.[38] Accordingly, his .02222222 undivided fee simple interest in the Subject Property, which he inherited from Enriqueta O. Reyes, passed in equal shares to his seven surviving children, subject to a 1/3 life estate interest held by his surviving spouse, Rebecca Farias Reyes.[39]

26. Therefore, the .11111111 undivided fee simple interest in the Subject Property previously held by Enriqueta O. Reyes is currently held as follows:

   i. Jaime Reyes, Diana Reyes Sital, Roberto Reyes, and Juan Antonio Reyes each hold a .02222222 undivided fee simple interest in the Subject Property as the surviving children of Enriqueta O. Reyes;

   ii. Rebecca Farias Reyes holds a .00740741 life estate interest in the Subject Property as the surviving spouse of Enriqueta O. Reyes' son, Carmelo Mario Reyes; and

   iii. Carmelo Mario Reyes, Jr., Rita Lee Reyes, Carlos Mario Reyes, Roberta Lee Reyes, Rebeca Lee Reyes, Rosa Lee Reyes, and Ruby Lee Reyes hold a .00211640 undivided fee simple interest in the Subject Property as the surviving children of Enriqueta O. Reyes' son, Carmelo Mario Reyes.

---

[36] *See* Tex. Est. Code § 101.001(a)(3).
[37] Tex. Est. Code § 201.001(b).
[38] *See* Ex. 9, *supra* note 34.
[39] Tex. Est. Code § 201.002(b).

### e. Eloisa O. Flores (.11111111)

27. Eloisa O. Flores died intestate on January 22, 2012, survived by her husband, Jose Humberto Flores, and three children: Noemi F. Oevermann, Omar Flores, and Dagoberto Flores.[40] When Eloisa O. Flores died, her .11111111 undivided fee simple interest in the Subject Property was divided equally among her three surviving children,[41] subject to a 1/3 life estate interest held by her spouse, Jose Humberto Flores.[42] Jose Humberto Flores died on April 3, 2016,[43] thereby extinguishing his 1/3 life estate interest in the Subject Property. Accordingly, Eloisa O. Flores' .11111111 undivided fee simple interest in the Subject Property is currently held in equal shares by her three surviving children, Noemi F. Oevermann, Omar Flores, and Dagoberto Flores, with each of them having a .03703704 undivided fee simple interest in the Subject Property.

### f. Rodolfo Ochoa (.11111111)

28. Rodolfo Ochoa died intestate on October 16, 1994, survived by his wife, Guadalupe Ochoa, and seven children: Rodolfo Ochoa, Jr., Fernando Ochoa, Erineo Ochoa, Jesus Ochoa, Ruben Ochoa, Guadalupe M. Elizondo, and Fortunato Ochoa.[44] Upon his death, Rodolfo Ochoa's .11111111 undivided fee simple interest in the Subject Property was divided equally among his seven surviving children,[45] subject to a 1/3 life estate interest held by his spouse, Guadalupe Ochoa.[46]

---

[40] Ex. 11 – Aff. of Facts Concerning the Identity of the Heirs of Eloisa Ochoa Flores, executed Dec. 30, 2020. Eloisa O. Flores had another son, Oscar Flores, but he died in infancy. *See id*
[41] As inherited property, each of the children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).
[42] Tex. Est. Code § 201.002(b).
[43] *See* Ex. 11, *supra* note 40.
[44] Ex. 12 - Correction Aff. of Heirship, Doc. 2006-1617623, Recorded May 5, 2006, Deed Records of Hidalgo County, Texas.
[45] As inherited property, each of the children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).
[46] Tex. Est. Code § 201.002(b).

29. On July 3, 2018, Fortunato Ochoa died intestate, unmarried, and without issue, survived by his mother, Guadalupe Ochoa, and six siblings noted above.[47] His undivided fee simple interest in the Subject Property was therefore divided ½ to his mother, Guadalupe Ochoa, and ½ to his six surviving siblings in equal shares.[48]

30. Accordingly, Rodolfo Ochoa's .11111111 undivided fee simple interest in the Subject Property is currently held as follows: Guadalupe Ochoa holds a total undivided interest of .042328035[49] in the Subject Property; and Rodolfo Ochoa, Jr., Fernando Ochoa, Erineo Ochoa, Jesus Ochoa, Ruben Ochoa, and Guadalupe M. Elizondo each hold a .01146384[50] undivided fee simple interest in the Subject Property.

### g. Ignacio Ochoa (.11111111)

31. Ignacio Ochoa died intestate on October 8, 2003, survived by his wife Rebecca Ochoa, and two children: Rogelio Ochoa and Noelia O. Saenz.[51] Ignacio Ochoa also had another daughter, Norma Linda Ochoa Santana, but she predeceased him dying intestate on September 19, 1993.[52] Ignacio Ochoa's .11111111 undivided fee simple interest in the Subject Property therefore passed in equal shares to Rogelio Ochoa, Noelia O. Saenz, and the heirs of Norma Linda Ochoa Santana, subject to a 1/3 life estate held by Rebecca Ochoa.[53] Rebecca Ochoa died on September 20, 2009, however, thereby extinguishing her 1/3 life estate interest.[54] Accordingly, after Rebecca Ochoa's

---

[47] Ex. 13 - Aff. of Facts Concerning the Identity of the Heirs of Fortunato Ochoa, executed January 5, 2021.
[48] Tex. Est. Code § 201.001(d)(1).
[49] This amount consists of Guadalupe Ochoa's 1/3 life estate interest which totals .03703704, and ½ of Fortunato Ochoa's interest, which totals .00529101.
[50] This amount consists of each of the children's individual interest (.01058201), plus the equal portion of Fortunato Ochoa's ½ interest they received upon his death (.00088183).
[51] Ex. 14 – Correction Aff. of Heirship, Doc. 2006-1617624, Recorded May 19, 2006, Deed Records of Hidalgo County, Texas.
[52] Ex. 15 – Aff. of Facts Concerning the Identify of the Heirs of Norma Linda Ochoa Santana, executed Nov. 9, 2020.
[53] Tex. Est. Code § 201.002(b).
[54] *See* Ex. 16 – Aff. of Facts Concerning the Identity of the Heirs of Noelia Ochoa Saenz.

death, Rogelio Ochoa, Noelia O. Saenz, and the heirs of Norma Linda Ochoa Santana each held a .03703704 undivided fee simple interest in the Subject Property.

32. As noted, Norma Linda Ochoa Santana died intestate on September 19, 1993, survived by her husband, Bruno Santana, Jr.,[55] and two children: Roberto Ignacio Santana and Eleazar Santana.[56] When Norma Linda Ochoa Santana died, the .03703704 undivided fee simple interest in the Subject Property she would have inherited was divided equally among her two surviving children,[57] subject to a 1/3 life estate interest held by her spouse, Bruno Santana, Jr.[58] Accordingly, Roberto Ignacio Santana and Eleazar Santana each hold a .01234568 undivided fee simple interest in the Subject Property, and Bruno Santana, Jr. holds a .01234568 undivided life estate interest in the Subject Property.

33. Noelia Ochoa Saenz died intestate and single on June 2, 2020, survived by two children: Jaymie Galan and Esequiel Saenz, III.[59] Upon her death, her .03703704 undivided fee simple interest in the Subject Property was divided equally among her two surviving children, with each receiving a .01851852 undivided fee simple interest in the Subject Property.[60]

34. In sum, the .11111111 undivided fee simple interest previously held by Ignacio Ochoa is currently held as follows:

---

[55] At the time of filing, the United States believed Bruno Santana, Jr. to be deceased and therefore he was not included in this lawsuit from the outset. The United States subsequently learned that Bruno Santana, Jr. was still living, but determined that he should not be added until title was determined by the Court due to the potential adverse possession issue that was ultimately identified by the United States but only recently clarified by Paula Ochoa. Because there is no longer an adverse possession issue, the United States intends to add Bruno Santana, Jr. into the case should the Court agree with the United States' title briefing. If added in, the United States will immediately seek summons and serve Bruno Santana, Jr. in this case.
[56] *See* Ex. 15, *supra* note 52.
[57] As inherited property, each of the children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).
[58] Tex. Est. Code § 201.002(b).
[59] *See* Ex. 16, *supra* note 54.
[60] Tex. Est. Code § 201.001(b).

      i. Rogelio Ochoa holds a .03703704 undivided fee simple interest in the Subject Property;

      ii. Roberto Ignacio Santana and Eleazar Santana each hold a .01234568 undivided fee simple interest in the Subject Property, and Bruno Santana, Jr. holds a .01234568 undivided life estate interest in the Subject Property; and

      iii. Jaymie Galan and Esequiel Saenz, III each hold a .01851852 undivided fee simple interest in the Subject Property.

**h. Eulalio Ochoa (.11111111)**

35. Eulalio Ochoa died intestate on December 5, 1994, survived by his wife, Maria G. Ochoa, and four children: Miguel Angel Ochoa, Maribel Gonzalez, Mario Ochoa, and Mary Lou Ochoa Hernandez.[61] Upon his death, Eulalio Ochoa's .11111111 undivided fee simple interest in the Subject Property was divided equally among his four surviving children,[62] subject to a 1/3 life estate interest held by his spouse, Maria G. Ochoa.[63] Maria G. Ochoa died on April 11, 2014,[64] thereby extinguishing her 1/3 life estate interest in the Subject Property. Accordingly, Eulalio Ochoa's .11111111 undivided fee simple interest in the Subject Property is currently held in equal shares by his four surviving children, Miguel Angel Ochoa, Maribel Gonzalez, Mario Ochoa, and Mary Lou Ochoa Hernandez, with each of them having a .02777778 undivided fee simple interest in the Subject Property.

---

[61] Ex. 17 - Aff. of Heirship, Doc. 2006-1610087, Recorded May 2, 2006, Deed Records of Hidalgo County, Texas.
[62] As inherited property, each of the children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).
[63] Tex. Est. Code § 201.002(b).
[64] Ex. 18 - Obituary of Maria G. Ochoa, NewsBankinc. (April 15, 2014), https://infoweb.newsbank.com/resources/doc/nb/obit/1612B7C69AAB0E90-1612B7C69AAB0E90?p=OBIT (last visited January 7, 2020), *also available at* https://www.legacy.com/obituaries/themonitor/obituary.aspx?n=maria-g-ochoa&pid=170646053&fhid=8142.

### III. ISSUE TO BE DECIDED

36. The only issues remaining in this case are the determination of (1) the identification of the parties entitled to just compensation for the taking of the subject property, and (2) the amount of just compensation to be paid for the property. It is the first of these issues that the United States now requests this Court to decide.

### IV. LEGAL STANDARD

37. It is well-established that federal courts sitting in condemnation cases are authorized to determine who among competing claimants held title to land prior to its condemnation.[65] Courts should resolve title issues as a preliminary matter, prior to granting just compensation.[66] In construing Federal Rule of Civil Procedure 71.1(h) [then Rule 71A(h)], the United States Supreme Court explained:

> The Rule provides that, except for the single issue of just compensation, the trial judge is to decide all issues, legal and factual, that may be presented . . . It is for him to decide 'all issues' other than the precise issue of the amount of compensation to be awarded.[67]

38. Federal courts look to the substantive law of the state in which the property is located to determine a party's interest in land.[68] Where more than one party claims ownership of land, the burden is on the claimant to establish his or her right to the property in question.[69] Plaintiff, the United States, takes no advocacy position regarding title matters in its role as *amicus curiae*.[70]

---

[65] *United States v. 22,680 Acres of Land in Kleberg Cty., Tex.*, 438 F.2d 75, 77 (5th Cir. 1971); *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950); *see* FRCP 71.1(h); *United States v. Reynolds*, 397 U.S. 14, 19-20, (1970) (explaining that "except for the single issue of just compensation, the trial judge is to decide all issues, legal and factual, that may be presented...").
[66] *Atomic Fuel Co.*, 383 F.2d at 3.
[67] *United States v. Reynolds*, 397 U.S. 14, 19-20 (1970).
[68] *See United States ex. Rel. T.V.A. v. Powelson*, 319 U.S. 266, 279 (1943).
[69] *See United States v. Lee*, 360 F.2d 449, 452 (5th Cir. 1966).
[70] *See United States v. Certain Lands in Town of Hempstead*, 129 F.2d 918, 920 (2d Cir. 1942); *see also* Fed. R. Civ. P. 71.1 advisory committee's notes to 1951 edition, not to Subdivision 1.

## V.     ANALYSIS

39. Although Plaintiff takes no advocacy position regarding ownership of the Subject Property, it offers the following based on the available title evidence in its role as *amicus curiae*:

40. All individuals identified by the United States currently claim an ownership interest in the Subject Property. To facilitate successful negotiations regarding just compensation, Plaintiff must first know the proper parties to continue negotiations with and the share of ownership interest held by each individual.

41. Based on an examination of the available relevant title evidence, it appears that title to the Subject Property was originally vested in Juan Francisco Ochoa by virtue of a Final Decree of Partition that was recorded in the Hidalgo County Deed Records on August 22, 1935. After Juan Francisco Ochoa and his wife, Julia Alaniz Ochoa both died intestate, title to the Subject Property was then vested in their 9 surviving children as identified in this brief. Thereafter, title to the Subject Property remained an asset shared equally by the nine surviving children of Juan Francisco Ochoa and Julia Alaniz Ochoa, and as they passed away, their share amounts were conveyed by intestacy to their surviving heirs throughout the generations.

42. Record title to the Subject Property was therefore held by all the heirs of Juan Francisco Ochoa and Julia Alaniz Ochoa, and title subsequently passed to their heirs as each died, continuing to descend through the families by intestacy as heirs passed away. As such, it appears that record title to the Subject Property is currently held by the individuals named in this action as indicated in the attached Ownership List.[71]

---

[71] Ex. 19 - Ownership List.

## VI.   CERTIFICATE OF CONFERENCE

On December 22, 2020, the United States conferred with Defendant Paula Ochoa and she is unopposed to the filing of this motion.

From January 7, 2021 to January 8, 2021, the United States conferred or attempted to confer with all remaining parties in this action. At this time, the following parties are unopposed to the filing of this motion: Anita Ochoa Kosienski, Noemi Flores Oevermann, Omar Flores, Idalia O. Gonzalez, Nelda O. Granados, Leticia Guadalupe Ochoa, Guadalupe Ochoa, Guadalupe M. Elizondo, San Juanita Farias, Rodolfo Ochoa, Jr., Fernando Ochoa, Ruben Ochoa, Miguel Ochoa, Maribel Ochoa Gonzalez, Mario Ochoa, Mary Lou Ochoa Hernandez, Jesus Rodriguez, Rogelio Ochoa, Eleazar Santana, Jaymie Galan, Esequiel Saenz, III, Roberto Reyes, Jaime Reyes, Diana Reyes Sital, Juan Antonio Reyes, Rebecca Farias, Carmelo Mario Reyes, Jr., Rita Lee Reyes, Ruby Lee Reyes, and Rebecca Lee Reyes.

The United States has been unable to confer with the following individuals despite attempts to contact them at their last known phone numbers: Dagoberto Flores, Nazaria G. Ochoa, Erineo Ochoa, Jesus Ochoa, Medardo Cantu, Roberto Ignacio Santana, Carlos Mario Reyes, Roberta Lee Reyes, and Rosa Lee Reyes.

Because the United States has been unable to confer with all parties, this motion is considered opposed. The United States notes, however, that it has conferred with all parties throughout this case and they all previously indicated that they were in agreement with the assessment of the United States on title and compensation in this matter.

## VII.   CONCLUSION

Due to the number of individuals identified as previously having an ownership interest in the Subject Property, the United States would show that it is appropriate for the Court to determine

title and the ownership interests held by each of the owners in the Subject Property. Based on the foregoing, Plaintiff submits that absent contradictory evidence submitted by any defendant hereto, it would be proper for this Court to determine title and the ownership interests in the Subject Property are held as indicated in the attached Ownership List. Accordingly, the United States moves for the Court determine the title owner of the Subject Property on the date of taking by submission.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney
Southern District of Texas

By: *s/ Roland D. Ramos*
ROLAND D. RAMOS
Assistant United States Attorney
Southern District of Texas No. 3458120
Texas Bar No. 24096362
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Roland.Ramos@usdoj.gov
Attorney in Charge for the United States of America

## CERTIFICATE OF SERVICE

I, Roland D. Ramos, Assistant United States Attorney for the Southern District of Texas, hereby certify that on January 8, 2021, a copy of the foregoing was served on all parties in accordance with the Federal Rules of Civil Procedure.

By: *s/ Roland D. Ramos*
ROLAND D. RAMOS
Assistant United States Attorney